**\*NOT FOR PUBLICATON\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RYAN LARSON,

        Plaintiff,

v.

TWO FARMS/ROYAL FARMS #330, MELISSA HUNT, CARL ANDERSON, JOE VELTRY, AND PAMELA WARREN,

        Defendants.

Civil Action No. 22-01007

OPINION

**<u>WOLFSON, Chief Judge:</u>**

    Presently before the Court is Defendant Two Farms, Inc.'s ("Royal Farms" or "Defendant") Motion to Dismiss *pro se* Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has filed no opposition. To the extent that the Court can discern causes of action in the Amended Complaint, Plaintiff alleges that Defendants Two Farms/Royal Farms, M. Hunt, Carl Anderson, Joe Veltry and Pamela Warren (collectively, "Defendants"),[1] breached an employment contract, discriminated against Plaintiff for unspecified reasons, and committed libel. For the reasons set forth below, the Court finds that Plaintiff has failed to state a claim, and therefore, Defendants' Motion is **GRANTED**. Plaintiff's claims against Royal Farms are

---

[1]    Except for Royal Farms, which has moved to dismiss, it does not appear that Plaintiff has served any of the individual defendants, and as such, none of those defendants have appeared in the case at this time.

1

dismissed without prejudice, and Plaintiff is given one last opportunity to file a seconded amended complaint within 21 days from the date of the accompanying Order.[2]

I.      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The relevant facts are derived from Plaintiff's Amended Complaint for the purposes of the instant motion. ECF No. 9 ("Amended Complaint").[3] At the outset, the Court remarks that Plaintiff's thirteen-page Amended Complaint is vague, incomprehensible and rambling. Not only is the Amended Complaint repetitive, but most of the paragraphs lack complete sentences. In that regard, it is difficult to decipher Plaintiff's allegations, the bases for his claims, and more importantly, the causes of actions he seeks to bring against Defendants.

As far as the Court can discern, Plaintiff was hired to work at a Royal Farms location in Brick, New Jersey. Am. Compl. at 8.[4] While employed at Royal Farms, Plaintiff alleges that he attended a training program where he met other associates, stocked shelves, and reviewed training materials. *Id*. Plaintiff further alleges that when he was hired, he signed an unspecified employment contract with Defendant; he appears to refer to an Employee Handbook. *Id*. However, Plaintiff provides no other details regarding that Handbook, although he references an Exhibit A. *Id*. at 9. Not surprisingly, there is no exhibit attached to the Amended Complaint. Throughout the Amended Complaint, Plaintiff avers various conclusory statements that are

---

[2]     Plaintiff is advised that if he files a seconded amended complaint, he must serve the individual defendants with that new complaint. If he fails to do so, the Court may dismiss his claims against the individual defendants for failure to serve.

[3]     In its Opposition, Defendant submits a declaration that contains certain factual responses to Plaintiff's Amended Complaint. However, I cannot, on a motion to dismiss, consider those facts, which are outside of the pleadings. *Fallon v. Mercy Catholic Medical Center of Southeastern Pennsylvania*, 877 F.3d 487, 493 (3d Cir. 2017).

[4]     Because Plaintiff's Amended Complaint does not use paragraph citations, I will, instead, refer to the relevant page number.

incomprehensible, and he peppers words, such as "discrimination," "wrongfully terminated," "termination," "right to sue for damages," "contract," all without any context or details. What is clear is that Plaintiff claims, again without providing any other factual allegations, that he was ultimately fired by Defendants for insubordination. *Id*. at 7-9.

On February 2, 2022, Plaintiff filed a complaint against Royal Farms in New Jersey Superior Court. ECF No. 1. The complaint appeared to assert a Title VII employment discrimination claim against Defendant. *Id.* Defendant thus removed the matter to this Court on February 25, 2022. *Id.* On March 22, 2022, Plaintiff filed a second, separate lawsuit in this Court against Two Farms/Royal Farms #330, Melissa Hunt, Carl Anderson, Joe Veltry, and Pamela Warren. *Larson v. Royal Farms, et al.,* No. 22-01623. The complaint in this second lawsuit appeared to allege breach of contract, employment discrimination, and libel against the named defendants. *Id.* Thereafter, in the present matter, Defendant filed a Motion to Consolidate and a Motion for More Definite Statement, which were granted by this Court on April 4, 2022. ECF No. 8. In response to Defendant's Motion for More Definite Statement, the Court entered an order providing Plaintiff with the opportunity to file an amended complaint within twenty-one days. *Id.* In that order, the Court noted that Plaintiff's First and Second Complaints were largely incomprehensible, "such that it is nearly impossible to understand what Plaintiff seeks to convey," and instructed that Plaintiff's Amended Complaint should "specify the statutory provisions or laws under which Plaintiff seeks to bring claims," and "briefly state the facts that support his entitlement to relief under each statute or law." *Id.* at 3–4.

On April 13, 2022, Plaintiff filed an Amended Complaint against Two Farms/Royal Farms #330, Melissa Hunt, Carl Anderson, Joe Veltry, and Pamela Warren. ECF No. 9. Construing the Amended Complaint liberally, Plaintiff appears to assert claims for (1) breach of contract, (2)

3

employment discrimination under the New Jersey Law Against Discrimination ("NJLAD"), and (3) libel. Defendant filed the present Motion to Dismiss Plaintiff's Amended Complaint on April 20, 2022. ECF No. 10 ("Motion to Dismiss"). Although the Court provided him notice and additional time to oppose Defendant's Motion, Plaintiff has not filed an opposition brief.

## II.   LEGAL STANDARD

Under the Federal Rules of Civil Procedure, it is well-established that a complaint must "contain: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought[.]" Fed. R. Civ. P. 8(a). The purpose of a complaint is "to inform the opposing party and the court of the nature of the claims and defenses being asserted by the pleader and, in the case of an affirmative pleading, the relief being demanded." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1182 (3d ed. 2004).

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). It is well-settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149–50 n.3 (1984) (quotation and citation omitted). A district court, in weighing a motion to dismiss, asks "not

whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Bell Atlantic v. Twombly*, 550 U.S. 544, 583 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions.") (internal citations omitted); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("*Iqbal* . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the *Twombly*/*Iqbal* standard, the Third Circuit applies a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Fowler*, 578 F.3d at 210. Second, a district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id*. A complaint must do more than allege the plaintiff's entitlement to relief. *Id*. However, this standard "'does not impose a probability requirement at the pleading stage', but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1965); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) ("[A] claimant does not have to set out in detail the facts upon which he bases his claim. . . . The pleading standard is not akin to a probability requirement, . . . to survive a motion to dismiss, a complaint merely has to state a plausible claim for relief." (quotations and citations omitted)). Nonetheless, a court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996)). "The

5

defendant bears the burden of showing that no claim has been presented." *Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). Additionally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. *Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999).

Finally, because Plaintiff has filed his Amended Complaint *pro se*, the Court is required to construe it liberally. *See, e.g.*, *Higgs v. AG of the United States*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established."); *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) ("Courts are to construe complaints so as to do substantial justice, keeping in mind that *pro se* complaints in particular should be construed liberally."); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) ("[A]pply[ing] the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name," on a motion to dismiss. (citations omitted)). But, even so, the Court is not required to credit "bald assertions" or "legal conclusions" simply because Plaintiff is proceeding *pro se*. *See supra*; *see also Rodriguez v. Maharaj,* No. 20-04666, 2021 WL 508611, at *3 (D.N.J. Feb. 11, 2021). In that connection, a *pro se* complaint may be dismissed if it sets forth allegations which cannot be construed to supply facts supporting a claim for relief. *See Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981). Where a petition is "illegible or incomprehensible," Rule 8 dismissal is appropriate. *Scibelli v. Lebanon Cnty.*, 219 Fed. App'x 221, 222 (3d Cir. 2007); *see also Rhett v. N.J. State Super. Ct.*, 260 Fed. App'x 513 (3d Cir. 2008) (affirming dismissal of a "complaint, [an] amended complaint, and [a] second amended complaint [which] all lacked 'short and plain statement[s]' and where specific allegations were neither 'simple, concise, [nor] direct'"); *Tillio v. Spiess*, 441 Fed. App'x 109, 110

(3d Cir. 2011) (approving dismissal in "those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised"); *Kamdem-Ouaffo v. Huczko*, 810 Fed. App'x 82, 84–85 (3d Cir. 2020) (same); *see also Himchak v. Pennsylvania*, No. 17-1870, 2020 WL 1151456, at *3 (M.D. Pa. Mar. 10, 2020) (dismissing complaint for "effectively disguis[ing] any claim(s) of action").

### III.   DISCUSSION

Plaintiff has failed to satisfy the minimum pleading standards of Rule 8(a).  As an initial matter, the Amended Complaint does not specify a cause of action.  To the extent that the Court can discern any causes of action, as discussed above, Plaintiff appears to allege (1) breach of contract, (2) employment discrimination under the NJLAD, and (3) libel. ECF No. 9.  But even construing the Amended Complaint liberally, Plaintiff has failed to allege, or even identify, the elements of these claims, let alone plead sufficient facts to state a claim. Therefore, for the reasons set forth below, the Court finds that Plaintiff's Amended Complaint fails to state any plausible claim upon which relief can be granted.

### A.   Plaintiff fails to state a breach of contract claim.

To state a breach of contract claim, a plaintiff must plausibly allege: "(1) the existence of a valid contract with plaintiff and defendant; (2) a breach of the contract by defendant; (3) performance by the plaintiff of his or her obligations under the contract; and (4) resulting damages." *Oswell v. Morgan Stanley Dean Witter & Co., Inc.*, No. 06-5814, 2007 WL 1756027, at *5 (D.N.J. June 18, 2007). Defendant, through a liberal interpretation of the Amended Complaint, construes Plaintiff's reference to the Royal Farms Employee Handbook, Am. Compl. at 9, as a potential argument that the Handbook created an employment contract between Plaintiff

and Defendant.[5]  Mot. to Dis. at 5–8.  But, in response to that construction, Defendant asserts that it never had an employment contract with Plaintiff, and instead, Plaintiff was an at-will employee. *Id.* at 5.  In New Jersey, there is a presumption of at-will employment in the absence of express or implied contractual terms.  *Darling v. Wegmans Food Mkts.*, No. 13-5855, 2014 WL 4544095, at *4 (D.N.J. Sep. 12, 2014) ("New Jersey presumes employees to be at-will, and … [t]o overcome the presumption of at-will employment, a claimant must show that an agreement exists that provides otherwise." (internal quotations omitted)); *see Witkowski v. Thomas J. Lipton, Inc.*, 136 N.J. 385, 396 (1994).  Defendant maintains that the employee handbook did not contain any language which would expressly or implicitly override this presumption, and in fact, it contained a disclaimer reading, in part: "This handbook does not create any express or implied contractual rights. Employees are employed on an at-will basis and have the right at any time to terminate employment with the company." Mot. to Dis. at 7.  Having reviewed that Handbook, I agree with Defendant that no language contained in the Handbook can be construed as creating a contractual relationship with Plaintiff.

Regardless, Plaintiff's Amended Complaint fails to state sufficient facts that an employment contract existed, and if it did exist, was ultimately breached. In the Amended Complaint, Plaintiff's references to an employment contract, presumably the Employee

---

[5]   While Plaintiff references an Employee Handbook, Plaintiff did not attach the Handbook as an exhibit to his Amended Complaint. In its Opposition, Defendant attached the relevant Handbook at issue as part of a declaration accompanying its Motion to Dismiss. ECF No. 10-2 ("Roche Decl.") Ex. A.  "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Securities Litigation*, 114 F.3d at 1426.  However, as an exception, a court may "also consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Levins v. Healthcare Revenue Recovery Group LLC*, 902 F.3d 274, 279 (3d Cir. 2018) (internal quotations omitted).  Because Defendant has attested that the Handbook it submitted was the same Handbook provided to Plaintiff, and because Plaintiff refers to it in the Amended Complaint, the Court may properly consider it here.

Handbook, do not make any contextual sense whatsoever. These include statements that "the Contract there in hand book stated above there is reason to Call the Employment Contracted in to legal Sense," that Plaintiff had a "long term Employment Opportunity Contract being made to the Community and County boards as a Business for Offer or Trade," and that Plaintiff had a "Full time Employment Contract With Royal Farms and Two Farms as a corporation under Case Law," but he adds no further details about the purported contract. Am. Compl. at 5-9. Given that Plaintiff does not make references to any other potential contract, and even assuming the references are to the Handbook, these allegations are insufficient to allege that an employment contract existed. In sum, Plaintiff has alleged no facts allowing this Court to discern (1) whether Plaintiff was a party to a valid, enforceable agreement, or for that matter, even if there was an agreement, (2) whether or how Defendant breached the agreement, (3) when Defendant breached the agreement, (4) what the terms of the contract were, or (5) whether Plaintiff properly performed his obligations under the contract, among other things. For these reasons, Plaintiff's breach of contract claim is dismissed without prejudice.

**B. Plaintiff fails to state a discrimination claim under the NJLAD.**

Plaintiff's Amended Complaint makes several references to "equal opportunity," and also mentions a violation of "NJLAD standards." Am. Compl. at 6, 9, 10. The NJLAD prohibits employers from discriminating based on race, creed, color, national origin, age, and a variety of other protected characteristics. N.J.S.A. § 10:5-12(a). To state a discrimination claim under the NJLAD, a plaintiff must establish that: "(1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action; and (4) that adverse employment action gives rise to an inference of unlawful discrimination." *Tourtellotte v. Eli Lilly and Co.*, 636 Fed. App'x 831, 842 (3d Cir. 2016) (citing *Jones v. Sch. Dist. of Phila.*, 198

F.3d 403, 410–11 (3d Cir. 1999)).  Here, Defendant argues that Plaintiff improperly conflates his breach of contract and NJLAD claims, citing the Amended Complaint's references to "federal common law employment contracts promises and long term plans offer" and Plaintiff's assertion that Defendant is "alleging [] insubordination on a long term employment contract."  Mot. to Dis. at 8; *see* Am. Compl. at 6, 7.

I find that even a liberal reading of the Amended Complaint supports Defendant's argument that Plaintiff has failed to allege or discuss discrimination in the workplace or any discriminatory acts.  Mot. to Dis. at 9.  While Plaintiff's termination, at the very least, can be construed as support for the third element, since it appears an adverse employment action allegedly occurred, Plaintiff alleges no facts (1) identifying himself as a member of a group protected under the NJLAD, or (2) identifying discriminatory conduct on behalf of Defendant. As such, Plaintiff's claim of discrimination under the NJLAD is dismissed without prejudice.

### C. Plaintiff fails to state a libel claim.

Under a liberal reading of Plaintiff's Amended Complaint, his reference to "libel" in the relief section may be read as an attempt to assert a claim of libel against Defendant. Am. Compl. at 11 ("Order royal farms prove this libel Claim INSUBORDINATE in the Employment Matter of Larson's Plan number."). To state a defamation claim, a plaintiff must establish that the defendant: "(1) made a false and defamatory statement concerning the plaintiff, (2) communicated the statement to a third party, and (3) had a sufficient degree of fault." *Mangan v. Corp. Synergies Grp., Inc.*, 834 F. Supp. 2d 199, 204 (D.N.J. 2011) (citing *Singer v. Beach Trading Co.*, 379 N.J. Super. 63, 79 (App. Div. 2005)).  Here, Defendant asserts that Plaintiff failed to plead any of these elements, which this Court previously recognized in response to Plaintiff's original complaint. Mot. to Dis. at 10; *see* ECF No. 8 at 3 ("Plaintiff has not provided any allegations supporting the

elements of defamation"). I agree with Defendant. In the Amended Complaint, Plaintiff did not rectify his deficient libel pleading, failing to discuss the libel claim in any detail whatsoever, and thus alleged no facts which would support any of the above elements of defamation. Therefore, Plaintiff's libel claim is dismissed without prejudice.

## IV.     CONCLUSION

Plaintiff's Amended Complaint fails to state any claim upon which relief can be granted. The Court notes that in granting Defendant's Motion for More Definite Statement, I already provided Plaintiff the opportunity to replead his claims. However, because that opportunity was not in response to a Motion to Dismiss, the Court will provide Plaintiff with a final chance to amend his Amended Complaint within 21 days of the Order accompanying this opinion. If Plaintiff does not file a second Amended Complaint, the dismissal without prejudice will automatically be converted to a dismissal with prejudice. As such, for the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED**, and Plaintiff's claims against Defendant Royal Farms are dismissed without prejudice. An appropriate Order shall follow.

Date:   July 8, 2022                                             /s/ Freda L. Wolfson
                                                                 Freda L. Wolfson
                                                                 U.S. Chief District Judge